# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| RONALD STEVE MASON, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) Case No. 13-CV-717-TCK-TLW |
| EMMA WATTS, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 6). Respondent also filed a brief in support of the motion (Dkt. # 7). Petitioner, a state inmate appearing pro se, filed a response to the motion to dismiss (Dkt. # 8). For the reasons discussed below, the Court finds that the petition is time barred. Therefore, Respondent's motion to dismiss is granted and the petition is dismissed with prejudice.

### *BACKGROUND*

The record reflects that, on May 16, 2012, Petitioner Ronald Steve Mason entered a blind plea of guilty to Second Degree Burglary, After Former Conviction of Two or More Felonies, in Tulsa County District Court, Case No. CF-2011-3379. See Dkt. # 7-1 at 16. On June 25, 2012, Petitioner was found guilty and sentenced to twenty (20) years imprisonment. See Dkt. # 7-2. He was represented by attorney Kathy Fry during plea and sentencing proceedings. Petitioner did not file a motion to withdraw his guilty plea and did not perfect a certiorari appeal at the Oklahoma Court of Criminal Appeals (OCCA).

In addition, on June 26, 2012, Petitioner entered a plea of guilty to Knowingly Receiving/ Concealing Stolen Property, After Former Conviction of Two or More Felonies, in Tulsa County

District Court, Case No. CF-2011-2978.  See Dkt. # 7-8.  On that date, he was sentenced to twenty (20) years imprisonment.  Id.  Petitioner was represented during plea and sentencing proceedings by attorney Glen Dresback.  Petitioner did not file a motion to withdraw his guilty plea and did not perfect a certiorari appeal at the Oklahoma Court of Criminal Appeals (OCCA).  Petitioner states that his is serving his two twenty (20) year sentences concurrently.  See Dkt. # 1 at 3.

On April 1, 2013, Petitioner filed, in both Case Nos. CF-2011-3379 and CF-2011-2978, a "request for court documents at state expense due to state of indigency."  See Dkt. ## 7-4 at 2, 7-8 at 2.  On May 24, 2013, the state district judge denied the requests for court documents.  Id.

On June 11, 2013, Petitioner filed an application for post-conviction relief in Case No. CF-2011-3379 (Dkt. # 7-3).  By order filed August 6, 2013 (Dkt. # 7-4), the state district judge denied the request for post-conviction relief.  Petitioner attempted to perfect a post-conviction appeal.  However, on September 12, 2013, in Case No. PC-2013-792, the OCCA declined jurisdiction and dismissed the appeal based on Petitioner's failure to provide a sufficient record for review as required by Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals.  See Dkt. # 7-5.

On June 11, 2013, Petitioner also filed an application for post-conviction relief in Tulsa County District Court, Case No. CF-2011-2978 (Dkt. # 7-7).  The district court judge denied that application on July 31, 2013 (Dkt. # 7-8).  Petitioner attempted to perfect a post-conviction appeal.  However, on September 12, 2013, in Case No. PC-2013-791, the OCCA declined jurisdiction and dismissed the appeal based on Petitioner's failure to provide a sufficient record for review as required by Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals.  See Dkt. # 7-9.

On October 31, 2013, the Clerk of Court received and filed Petitioner's federal petition for writ of habeas corpus (Dkt. # 1).  He raises four (4) claims challenging the validity of his convictions

and sentences, entered in Case Nos. CF-2011-3379 and CF-2011-2978: (1) the court illegally enhanced Petitioner's present sentence with a misdemeanor that was improperly accelerated to a felony, (2) Petitioner's present sentence was illegally enhanced by Case No. CF-2001-1967, (3) Petitioner received ineffective assistance of trial counsel, and (4) the district court's conclusion of law and finding of facts are insufficient and contrary to well settled Oklahoma law as announced by the court. Id. Petitioner avers, under penalty of perjury, that he placed his petition in the prison mailing system on October 25, 2013. Id. at 9. Thus, under the prisoner mailbox rule, the earliest file date for this petition is October 25, 2013. See Houston v. Lack, 487 U.S. 266, 276 (1988). Respondent argues that the petition is barred by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. ## 6, 7.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. 28 U.S.C. § 2244(d)(2).

The one-year limitations period for each of Petitioner's habeas claims began to run under § 2244(d)(1)(A), when Petitioner's convictions became final. Because Petitioner failed to file motions to withdraw his pleas of guilty in Case Nos. CF-2011-3379 and CF-2011-2978, his convictions became final on July 5, 2012, and July 6, 2012, or ten (10) days after pronouncement of his Judgment and Sentence on June 25, 2012, and June 26, 2012, respectively. See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock began to run on July 6, 2012, and July 7, 2012, respectively. Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after Monday, July 8, 2013, for both convictions, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). At the earliest, Petitioner commenced this habeas action on October 25, 2013, see Dkt. # 1 at 9, or more than three (3) months beyond the deadline. Absent either statutory or equitable tolling, this habeas petition is time-barred.

On April 1, 2013, or prior to the limitations deadline of July 8, 2013, Petitioner filed a "request for court documents at state expense due to state of indigency." As noted by Respondent, see Dkt. # 7 at 4 n.1, the Tenth Circuit Court of Appeals has determined that motions requesting transcripts and state court records are not applications for post-conviction relief or requests for collateral review and do not toll the one-year limitations period under 28 U.S.C. § 2244(d)(2). See May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003); Mack v. Falk, 509 F. App'x 756, 758 (10th Cir. 2013) (unpublished).[1] Therefore, Petitioner is not entitled to statutory tolling for the time his "request for court documents at state expense due to state of indigency" was pending.

The limitations period was tolled, or suspended, during the pendency of a "properly filed" post-conviction proceeding. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). On June 11, 2013, or with 27 days remaining in the one-year limitations period, Petitioner filed his applications for post-conviction relief in Case Nos. CF-2011-3379 and CF-2011-2978. The applications were denied on August 6, 2013, and July 31, 2013, respectively. Petitioner failed to perfect post-conviction appeals in compliance with state law. As a result, his post-conviction appeals were dismissed. When a petitioner fails to perfect a post-conviction appeal, his one-year limitations period is tolled an additional 30 days, the time period allowed under state law for perfection of a post-conviction appeal. Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (holding that regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law). Crediting Petitioner with the most tolling time available,

---

[1] This and all other unpublished opinions are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Petitioner is entitled to tolling of the limitations period from June 11, 2013, when he filed his applications, through September 5, 2013, or 30 days after the later of the two district court rulings, when the time for filing a proper post-conviction appeal expired. Petitioner had to file his federal habeas petition within the time remaining in his one-year period, or within 27 days of September 5, 2013. Thus, with statutory tolling, Petitioner's deadline for filing a timely petition was October 2, 2013. Petitioner filed his petition, at the earliest on October 25, 2013, or twenty-three (23) days out of time.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); Gibson, 232 F.3d at 808. To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

In response to the motion to dismiss, Petitioner argues that he is entitled to equitable tolling because (1) he was unable to access legal materials while in custody at the facility serving as the Tulsa County Jail, (2) due to his pro se status, he was unaware of the deadlines impacting the calculation of the one-year limitations period, and (3) his attorney provided ineffective assistance of counsel. See Dkt. # 8 at 1-2. Petitioner specifically states that, on August 31, 2012, or approximately two (2) months after his sentencing, he was transferred to Lexington Assessment and

Reception Center (LARC) where he remained until September 27, 2012. Id. at 3-4. On September 27, 2012, he arrived at Jackie Brannon Correctional Center where he began to pursue his claims by filing his request for court documents at the state's expense. Id.

Petitioner's claim of restricted access to legal materials is insufficient to justify equitable tolling. See Miller, 141 F.3d at 978 (denying relief where petitioner "provided no specificity regarding the alleged lack of access" and how it impacted his delay, explaining that "[i]t is not enough to say that the [prison] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate"); Garcia v. Hatch, 343 F. App'x 316, 318 (10th Cir. 2009) (unpublished) (same); United States v. Martinez, 303 F. App'x. 590, 596 (10th Cir. 2008) (unpublished) (refusing equitable tolling because petitioner "has not provided this Court with specific details regarding what restrictions actually were placed on his access to legal materials or how such restrictions hindered his ability to file his § 2255 motion" in a timely manner). "[A] claim of insufficient access to relevant law . . . is not enough to support equitable tolling." Gibson, 232 F.3d at 808. Petitioner's assertion of inadequate access to a prison or jail law library for the first three months of his incarceration does not explain his delay in filing the habeas petition. See Miller, 141 F.3d at 978 (holding petitioner's contention he was housed in private correctional facility where he lacked access to federal statutes and case law for approximately two year period of time did not warrant equitable tolling). Petitioner has not explained how the alleged lack of access to a prison or jail law library prevented him from timely filing his petition and he is not entitled to equitable tolling based on his allegations regarding restricted access to legal materials.

Petitioner's additional asserted reasons for the delay, including his lack of awareness of the factors affecting calculation of the one-year limitations period and ineffective assistance of counsel,

7

also fail to justify equitable tolling. See Gibson, 232 F.3d at 808 (holding petitioner's alleged ignorance of AEDPA's statute of limitations is not sufficient to warrant equitable tolling). Petitioner has not shown that he "diligently pursue[d] his claims" during the time the limitation period was running, nor has he demonstrated that his "failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (quotation omitted)). Lastly, Petitioner's claim that he received ineffective assistance of counsel during his plea and sentencing hearings does not entitle him to equitable tolling. As to his failure to perfect certiorari appeals from his convictions, Petitioner claims that he "never consented that said appeal be abandoned" and that his attorney "failed to assist or instruct" him in how to file an appeal himself. See Dkt. # 1 at 15. However, Petitioner's claims are belied by the record. The Plea of Guilty/Summary of Facts, filed in Case No. CF-2011-3379, reflects that Petitioner was advised of his appeal rights and that he affirmatively stated that he understood those rights and did not wish to remain in the county jail for ten (10) days before being transported to DOC custody. See Dkt. # 7-1 at 6. Based on those facts, Petitioner is not entitled to equitable or other tolling based on his claims of ineffective assistance of counsel.

In summary, Petitioner has not met his burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Therefore, Petitioner has failed to demonstrate entitlement to equitable tolling and his petition for writ of habeas corpus shall be dismissed as untimely.

*CONCLUSION*

Because Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period, Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 6) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

**DATED** this 30th day of May, 2014.

**TERENCE KERN**
**United States District Judge**